UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CHARLES HINKLE ) | |
| ) | |
| Plaintiff, ) | Case: 3:22-cv-50309 |
| ) | |
| v. ) | |
| ) | |
| OREGON TOOL INC., d/b/a ) | |
| BLOUNT INC. ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Charles Hinkle ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Oregon Tool Inc., d/b/a Blount Inc., ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination under the ADA, Defendant's failure to accommodate Plaintiff's disability, and also retaliation for him attempting to assert his rights under the ADA after Plaintiff requested reasonable accommodations under the ADA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*, have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B") on August 31, 2022, and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

**PARTIES**

7. At all times material to the allegations of this Complaint, Plaintiff, Charles Hinkle, resides in Ogle County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Oregon Tool Inc., d/b/a Blount Inc., is a corporation doing business in and for Ogle County whose address is 2606 South IL Route 2, Oregon, Illinois 61061.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

**BACKGROUND FACTS**

11. Plaintiff was hired by Defendant on or around November 21, 2016 as a Machinist.

12. Plaintiff is "qualified individual" as defined under the ADA.

13. Due to a traumatic event in Plaintiff's life, Plaintiff was diagnosed with a mental impairment that substantially limits major life activities.

14. Plaintiff has record of his disability being treated on an ongoing basis.

15. Plaintiff was approved for 12 weeks of medical leave under the Family Medical Leave Act ("FMLA").

16. After Plaintiff, exhausted the FMLA leave and conferred with a medical professional, on or about November 17, 2022, Plaintiff requested a reasonable accommodation to transfer to another shift (night shift to day shift) because working on night shift exacerbated Plaintiff's disability.

17. At the time that the request for accommodations was made, Defendant was hiring for day shift.

18. Defendant ignored Plaintiff's request for accommodations and failed to engage with Plaintiff in an interactive process to determine the appropriate accommodation under the circumstances.

19. As a result, Plaintiff was left with no other choice other than to be constructively discharged in November 2021.

### COUNT I
### Failure to Accommodate in Violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

20. Plaintiff repeats and re-alleges paragraphs 1-19 as if fully stated herein.

21. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans

with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq

22. Plaintiff is a qualified individual with a disability.

23. Defendant was aware of the disability and the need for accommodations.

24. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

25. Plaintiff's reasonable accommodations that was requested was not an undue burden on the Defendant.

26. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to his disability.

27. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT II
**Disability Discrimination -Violations of the Americans with Disabilities Act ("ADA")**

28. Plaintiff repeats and re-alleges paragraphs 1-19 as if fully stated herein.

29. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

30. Defendant constructively discharged Plaintiff's employment on the basis of his disability.

31. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

32. Plaintiff is a member of a protected class under the ADA, due to his disability.

33. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

34. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of his employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
**Retaliation in Violation of 42 U.S.C. § 12101, *et seq.***

35. Plaintiff repeats and re-alleges paragraphs 1-19 as if fully stated herein.

36. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq*.

37. During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations under the ADA. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

38. In response to Plaintiff's request for reasonable accommodations, Defendant failed to engage in the interactive process to determine the appropriate accommodations.

39. By virtue of the foregoing, Defendant retaliated against Plaintiff by omission of failing to engage in the interactive process to determine the appropriate accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

40. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

41. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff was constructively discharged and has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 1st day of September 2022.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**Chad W. Eisenback, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*